```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION

LEROY BLAKE,

             Petitioner,

vs.                                    Case No. 3:12-cv-201-J-39JRK

SECRETARY, DOC, et al.,

             Respondents.
```

**ORDER**

**I.   STATUS**

Petitioner Leroy Blake filed a Petition for Writ of Habeas Corpus (Petition) (Doc. 1) under 28 U.S.C. § 2254. The Petition challenges a 2008 state court (Duval County) conviction for sale or delivery of cocaine. Id. at 1. Petitioner raises one ground for habeas relief. The Court will address this ground, Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), Dupree v. Warden, 715 F.3d 1295, 1298 (11th Cir. 2013), but no evidentiary proceedings are required in this Court.

This cause is before the Court on Respondents' Second Answer and Motion to Dismiss as Untimely (Response) (Doc. 16).[1] The Exhibits (Appendix) are found attached to an previously provided

---

[1] In light of Zack v. Tucker, 704 F.3d 917 (11th Cir.), cert. denied, 134 S.Ct. 156 (2013), the Court ordered an amended response. Given the record, including that this is not "a multiple trigger date case," the Eleventh Circuit's decision in Zack has no impact on Petitioner's case.

response (Doc. 13).[2]  Petitioner filed a reply (Reply) (Doc. 29). See Orders (Docs. 8 & 28).

## II.  STANDARD OF REVIEW

In this habeas proceeding, the Court will analyze Petitioner's claim under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011).  The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.  Id. at 785.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption applies to the factual determinations of both trial and appellate courts.  See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

---

[2] The Court hereinafter refers to the Exhibits contained in the Appendix as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix.  Otherwise, the page number on the particular document will be referenced.

## III.   ONE-YEAR PERIOD OF LIMITATIONS

Under the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. Without citation to legal authority, Respondents argue that Petitioner's Rule 3.800(a) motion and his still pending state petition for habeas corpus do not toll the time because they raise matters previously adjudicated in the state courts. Response at 5. The Court is not inclined to adopt Respondents' position without some reference to persuasive authority. Under these circumstances, the Court will address ground one without delay, relying on clear Eleventh Circuit precedent to address the claim raised in the Petition.

## IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Ground One

Ground one of the Petition is: "Florida [F]irst District Court of Appeal when it affirmed Mr. Blake's judgment of conviction and sentence wherein the trial court erred in sentencing Mr. Blake to 10 years on the strict liability offense of sale or delivery of cocaine resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law in Shelton v. Sec. Dep't of Corr.[,] 6:07-cv-839-Orl-35KRS, 2011 WL 3236040 (M.D. Fla. July 27, 2011)[.]" Petition at 4. Petitioner presented this same claim on direct appeal as ground two. Id. He includes the argument presented on direct appeal to support the claim raised in ground one. Id. at 5-10.

As ground one, Petitioner contends that his ten-year sentence for sale or delivery of cocaine is improper because Florida law has made the crime a strict liability offense and due process of law requires lenient sentencing for strict liability offenses. Petitioner raised this issue in his brief, as ground two, on direct appeal. Ex. 6. The state filed an answer brief. Ex. 7. The appellate court affirmed Petitioner's conviction and sentence per curiam. Ex. 8. Upon review, the appellate court was presented with the due process claim. Although there is not an opinion that explains the state appellate court's rationale for its ruling, one is not required. All that is required is a rejection of the claim on its merits. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003); Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). This Court must next consider the "contrary to" and "unreasonable application" components of the statute.

Under AEDPA, deference is owed to this state court decision. Therefore, this claim will be addressed applying the deferential standard for federal court review of a state court adjudication. Applying this standard, the Court finds that Petitioner is not entitled to habeas relief. After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established

federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.[3]

Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Petitioner's claim is without merit. The Due Process Clause of the Fourteenth Amendment requires the State to prove beyond a reasonable doubt each element of the offense charged. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997) (citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), cert. denied, 522 U.S. 1125 (1998).

Initially, the Court reviews the relevant history, which is the foundation for the issue raised in ground one:

> In Chicone, the supreme court [of Florida] held that the offense of possession of a controlled substance included not only knowledge that the substance was in the defendant's possession, but also knowledge of the illicit nature of the substance. See id. at 738.[4] Subsequently, in Scott v. State, 808 So.2d 166 (Fla. 2002), the supreme court determined that, regardless of the defense raised or the affirmative defenses asserted, a

---

[3] See Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012) (reversing the district court's decision that Florida's drug statute is unconstitutional for failing to provide a mens rea element; holding that the district court's failure to accord deference to the state court decision violated AEDPA), cert. denied, 133 S.Ct. 1856 (2013).

[4] Chicone v. State, 684 So.2d 736 (Fla. 1996).

defendant is entitled to an instruction on the element of guilty knowledge in a possession case because it is an element of the crime. See id. at 170. The Scott court stated that failure to give the requested instruction is not harmless error. Id. In McMillon v. State, 813 So.2d 56 (Fla. 2002), Chicone was extended to cases where the defendant was charged with sale of cocaine.

Both Chicone and Scott were addressed, however, by the legislature's enactment of section 893.101, Florida Statutes (2002), which states the following:

> (1) The Legislature finds that the cases of Scott v. State, Slip Opinion No. SC 94701 [,808 So.2d 166] (Fla. 2002) and Chicone v. State, 684 So.2d 736 (Fla. 1996), holding that the state must prove the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.
>
> (2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.

The effective date of the statute is May 13, 2002 and it may not be applied retroactively. See Quaintance v. State, 845 So.2d 294 (Fla. 1st DCA 2003) (For any offense occurring prior to May 13, 2002, an essential element of the crime of possession of an illegal substance was knowledge of the illicit nature of the substance); see also Blunt v. State, 831 So.2d 770, 772 (Fla. 4th DCA 2002) (May 13, 2002 law may not be applied retroactively to a charge arising before its effective date).

Sandifer v. State, 851 So.2d 788, 789-90 (Fla. 4th DCA 2003).

The United States District Court for the Southern District of Florida rejected a challenge to the constitutionality of this state narcotics conviction "on the ground that Fla. Stat. §893.13 charges strict liability crimes, thereby eliminating the mens rea element is meritless." Alvarez v. Crews, No. 13-60664-CIV, 2014 WL 29592, at *6 (S.D. Fla. Jan. 3, 2014) (Report of Magistrate Judge adopted by the Court).  Of significance, the Eleventh Circuit and the Supreme Court of Florida rejected the holding in Shelton v. Sec'y, Dep't of Corr., 802 F.Supp.2d 1289 (M.D. Fla. 2011) (Shelton I), finding "Florida's Comprehensive Drug Abuse Prevention and Control Act, Chapter 893, Fla. Stat., facially constitutional." Alvarez, 2014 WL 29592, at *6 (citing Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012) (Shelton II) and State v. Adkins, 96 So.3d 412 (Fla. 2012)).  Also, upon review, neither Shelton II or Adkins have been reversed, vacated, or called into doubt.  Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012), cert. denied, 133 S.Ct. 1856 (2013).

The Court also considers the previous rulings of this Court. The Court previously found that Florida's Drug Abuse and Control Law (2002 amendment, which eliminated any mens rea requirement) is not facially unconstitutional due to the absence of a mens rea requirement. See Harris v. United States, No. 8:11-CV-793-T-30TBM, 2012 WL 1631744, at *2 (M.D. Fla. May 8, 2012) (citing United States v. Bunton, No. 8:10-cr-327-T-30EAJ, 2011 WL 5080307 (M.D.

Fla. Oct. 26, 2011) (not reported in F.Supp.2d)) ("[T]his Court has held, contrary to Shelton [I], that Section 893.13 is not facially unconstitutional."); Smith v. USA, No. 8:11-cv-1022-T-30EAJ, 2012 WL 868888, at *5 (M.D. Fla. March 14, 2012) (finding the law is not facially unconstitutional). More recently, this Court rejected a similar challenge to that raised by Petitioner. Merriweather v. Sec'y, DOC, No. 3:11-cv-458-J-39JBT, 2014 WL 1364638, at *5 (M.D. Fla. Apr. 7, 2014).

Upon review of the record, the crime in the instant case occurred on March 14, 2008, Ex. 1 at 9, Ex. 4 at 222, well after May 13, 2002, the effective date of the statute. Thus, in accordance with Florida law, knowledge of the illicit nature of the substance was no longer an essential element of the crime at the time it was committed in March of 2008. The jury was instructed accordingly. Ex. 4 at 221. Of course, "writing of elements into crimes is for the Legislature", not the courts.[5] McMillon v. State, 813 So.2d 56, 59 (Fla. 2002) (Wells, C.J., dissenting). Thus, knowledge of the illicit nature of a controlled substance is no longer an element of the offenses of possession, or sale or delivery of a controlled substance for offenses committed after May

---

[5] Not only is the Legislature charged with the writing of the elements of crimes, it is also "vested with broad authority to determine intent requirements in defining crimes." Wright v. State, 920 So.2d 21, 23 (Fla. 4th DCA) (citations omitted), rev. denied, 915 So.2d 1198 (Fla. 2005). The Florida courts have concluded that "the elimination of the difficult-to-prove element of knowledge of a substance's illicit nature" is rationally related to the strong governmental interest of addressing the drug problem. Id.

13, 2002.  Section 893.101, Florida Statutes (2002); see Knox v. Sec'y, Dep't of Corr., 3:10-cv-306-J-20TEM, Order (Doc. 19), filed August 11, 2011; Case No. 3:10-cv-306-J-20TEM, Eleventh Circuit's Order (Doc. 25) (denying Knox's motion for a certificate of appealability), dated July 9, 2012.

In the instant case, guilty knowledge is not an element of the offense of sale or delivery of a controlled substance, since Petitioner committed the offense in March of 2008, after the effective date of the amended statute.  Indeed, any assertion that the offense of sale or delivery of cocaine is a "strict liability offense" is without merit.  See Williams v. State, 45 So.3d 14 (Fla. 1st DCA 2010) (per curiam) (rejecting petitioner's claim that his sentences are unconstitutional because, by virtue of Florida Statutes § 893.101, his offenses are "strict liability offenses" for which the maximum sentences that can be imposed consistent with due process are no more than one year in jail), rev. denied, 53 So.3d 1022 (Fla. 2011); Wright v. State, 920 So.2d 21, 24 (Fla. 4th DCA) (finding that § 893.101 "does two things: it makes possession of a controlled substance a general intent crime, no longer requiring the state to prove that a violator be aware that the contraband is illegal, and, second, it allows a defendant to assert lack of knowledge as an affirmative defense"), rev. denied, 915 So.2d 1198 (Fla. 2005).

Here, Florida Statutes section 893.101 required only that a matter peculiarly within Petitioner's knowledge - that the

substance at issue was illicit - be raised as an affirmative defense rather than proven in the State's case-in-chief. The offense for which he was convicted (sale or delivery of cocaine) is not a strict liability crime entitling Petitioner to a sentence of no more than one year in jail. On the contrary, Petitioner's ten-year term of imprisonment, imposed pursuant to Florida Statutes § 775.082, is lawful and does not violate Petitioner's right to due process of law.[6] Ex. 1 at 64. Ground one does not warrant federal habeas relief. See Response at 12.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[7] Because this Court

---

[6] Petitioner faced a maximum possible sentence of fifteen years. Ex. 1 at 64. The prosecutor recommended that Petitioner be sentenced to a term of ten years in prison. Id. at 81.

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    **DONE AND ORDERED** at Jacksonville, Florida, this 24th day of November, 2014.

_____
BRIAN J. DAVIS
United States District Judge

sa 11/21
c:
Leroy Blake
Counsel of Record

---

n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.